UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BLAKE L. ANDERSON,<br><br>Petitioner,<br><br>v.<br><br>EIGHTH JUDICIAL DISTRICT COURT, *et al.*,<br><br>Respondents. | Case No. 3:19-cv-00139-MMD-CBC<br><br>ORDER |

This action brought by Blake Anderson ("Petitioner" or "Anderson") comes before the Court for initial review under 28 U.S.C. § 1915(e)(2).

## I. INTRODUCTION

Anderson has filed a petition for a writ of mandamus or prohibition under 28 U.S.C. § 1651 against the State of Nevada and its Eight Judicial District Court seeking to overturn a judgment of conviction entered in Nevada state district court. (ECF No. 1.) A filing fee has been paid.[1] Following initial review, the Court concludes that Anderson's papers are subject to multiple substantial defects.

///

///

---

[1] The Court proceeds on the assumption that the $5.00 filing fee for a habeas petition is applicable to this action even though Anderson has filed a petition for a writ of mandamus or prohibition pursuant to 28 U.S.C. § 1651 rather than a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The Court has stated to Anderson in two somewhat similar prior actions that the applicable filing fee would be $5.00. *See* No. 3:18-cv-00414-MMD-CBC, ECF No. 11 (D. Nev. Oct. 05, 2018); No. 2:19-cv-00273-JAD-VCF, ECF No. 3 (D. Nev., Feb. 19, 2019). *Cf. Washington v. Los Angeles County Sheriff's Dept.*, 833 F.3d 1048 (9th Cir. 2016) (two prior dismissed federal mandamus actions that had sought to challenge a state court conviction did not constitute "a civil action" so as to constitute "strikes" for purposes of the three-strikes rule in 28 U.S.C. § 1915(g)); *but see* 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting *any* civil action, suit or proceeding in such court, *whether by original process, removal or otherwise,* to pay a filing fee of $350, *except that on application for a writ of habeas corpus* the filing fee shall be $5.") (emphasis added).

## II. DISCUSSION

### A. Eleventh Amendment Immunity

First, a federal district court does not have jurisdiction over an action brought against the State of Nevada or the Eighth Judicial District Court for the State of Nevada. Petitioner may not proceed directly against the State of Nevada or an arm of the State – such as the state district court – in federal court due to the state sovereign immunity recognized by the Eleventh Amendment. *E.g., O'Connor v. State of Nevada*, 686 F.2d 749 (9th Cir. 1982) (state district court). State sovereign immunity bars an action against the state or an arm of the state in federal court regardless of the relief sought. *E.g., Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984).

### B. No Appellate Jurisdiction Over the State Courts

Second, a federal district court does not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, prohibition, and/or an exercise of supervisory jurisdiction. *See, e.g., Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003); *see also Demos v. United States District Court*, 925 F.2d 1160, 1161 (9th Cir. 1991) (federal court of appeals did not have jurisdiction to issue a writ of mandamus to a state court). If Petitioner wants to seek collateral review of his conviction in federal court, he must file a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254, not a petition for a writ of mandamus or prohibition under 28 U.S.C. § 1651.[2]

### C. *Heck* Bar

Third, to the extent that Petitioner challenges his judgment of conviction other than through a habeas petition, the civil action is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). An inmate in custody pursuant to a judgment of conviction may not pursue claims that necessarily challenge the validity of that conviction in a federal civil action other than in a federal habeas action. *Id.*

///

---

[2] The All Writs Act, 28 U.S.C. § 1651, does not provide an independent basis for jurisdiction. *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 33–34 (2002).

**D. Opportunity to Recharacterize and Amend**

Given the multiple substantial defects presented, the petition for a writ of mandamus or prohibition will be dismissed without prejudice, but without entry of final judgment. Anderson will have 30 days within which to recharacterize his request for relief and file an amended petition that, *inter alia*: (a) instead seeks a writ of habeas corpus; (b) is filed on the Court's required § 2254 petition form; and (c) names his immediate physical custodian, *i.e.*, the warden of his facility, as a respondent.

Anderson should note that if he – despite the dismissal of his petition for a writ of mandamus or prohibition – tries to simply use the habeas petition form as a means to pursue instead a mandamus petition,[3] final judgment will be entered dismissing this action, for the reasons assigned herein. Anderson's continuing efforts, across multiple actions, to pursue a petition for a writ of mandamus by this Court directed to the state courts are completely frivolous. His only available remedy is in habeas; but if he chooses not to pursue that remedy herein, the action simply will be dismissed by a final judgment.

Recharacterization of a *pro se* litigant's pleadings should occur only after notice and an opportunity for the litigant to decide how he wishes to proceed. *See, e.g., Castro v. United States*, 540 U.S. 375, 381–83 (2003); *Nettles v. Grounds*, 830 F.3d 922, 935–36 (9th Cir. 2016). Anderson is informed that if he seeks relief under § 2254, his action will be subject to all rules applicable to § 2254 petitions, including, *inter alia*, the exhaustion requirement, abstention doctrine,[4] the one-year limitation period in 28 U.S.C. § 2244(d),[5] and the restriction on second or successive petitions. Generally, if a federal habeas petition is dismissed with prejudice, such as on the merits or as time-barred, the

---

[3]*Cf.* No. 3:18-cv-00502-HDM-WGC, ECF No. 12.

[4]*See, e.g., Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. State of Montana*, 626 F.2d 82, 83–85 (9th Cir. 1980); *Davidson v. Klinger*, 411 F.2d 746 (9th Cir. 1969). A state court direct appeal is part of the original state criminal proceedings for purposes of abstention. *E.g., supra Sherwood.* Anderson's direct appeal currently is pending in the state courts. Abstention doctrine is not limited to habeas actions.

[5]Anderson at all times remains responsible for calculating all applicable state and federal limitations periods and timely and properly seeking appropriate relief in an appropriate court or courts. The Court expresses no opinion in this regard.

petitioner will not be able to pursue a later federal habeas petition. He thus could be barred from, *inter alia*, pursuing additional claims in a later petition. *See* 28 U.S.C. § 2244(b).

On the other hand, while it is to an extent Petitioner's choice as to how he wishes to proceed, if his final choice is to instead pursue a petition for a writ of mandamus or prohibition, then, again, final judgment will be entered dismissing this action without prejudice, for the reasons assigned herein.

Petitioner can choose which type of petition that he wishes to pursue, but he cannot choose the consequences that follow from his choice.

### III. CONCLUSION

It is therefore ordered that the petition will be dismissed without prejudice, but without entry of final judgment.

It is further ordered that Petitioner will have 30 days within which to dispatch an amended petition for a writ of habeas corpus to the Clerk for filing. If he does not timely do so, final judgment will be entered dismissing this action without prejudice. If Petitioner seeks to further pursue a petition for a writ of mandamus or prohibition, including by presenting a petition for a writ of mandamus or prohibition on a § 2254 petition form, final judgment will be entered dismissing this action without prejudice.

It is further ordered that, on any amended petition filed, Petitioner must clearly identify the pleading as an amended petition by writing the case number in the space provided on page 1 of the form and writing "Amended" in the space under the case number.

The Clerk will send Petitioner two copies of a § 2254 form packet along with a copy of the papers that he filed.

DATED THIS 20th day of June 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE